IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 1:22-CR-00092-DLF |
| ) | |
| BRIAN BINGHAM ) | |

### THIRD MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL DEADLINES

**BRIAN BINGHAM**, through Undersigned Counsel, moves the Court to continue to on or after June 3, 2024, his trial that is now set for April 22, 2024. The United States, through AUSA Jake Struebing, opposes this motion. In support of this motion, Mr. Bingham states as follows.

1. A criminal complaint was filed against Mr. Bingham on May 17, 2021. He was arrested on the complaint in Montgomery, Alabama, on June 22, 2021. Another nine months elapsed before Mr. Bingham was indicted on March 18, 2022.

2. The Federal Defender for the Middle District of Alabama represented Mr. Bingham for nearly two years, from June 30, 2021, until March 21, 2023, on which date the Court allowed the Federal Defender to withdraw and appointed Undersigned Counsel to represent Mr. Bingham. During the nearly 21 months that the Federal Defender represented Mr. Bingham, no trial date was set.

3. On May 30, 2023, the Court set this case for trial on November 13, 2023. The trial was subsequently continued to February 5, 2024, and then to the present date of April 22, 2024.

4. This case is complex. Due to the complex nature of the case, as previously noted, the Federal Defender represented Mr. Bingham for nearly 21 months without the case being set for trial. Undersigned Counsel has represented Mr. Bingham for twelve months.

5. Mr. Bingham now moves the Court to the continue the case to allow Undersigned Counsel to inspect the crime scene.

6. During the time Undersigned Counsel has represented Mr. Bingham, the Capitol Police have provided no opportunity for Undersigned Counsel to inspect the crime scene. After contacting the Capitol Police to discuss the same, representatives of the Capitol Police referred Undersigned Counsel to their General Counsel. Undersigned Counsel made multiple attempts to reach the General Counsel by telephone, repeatedly leaving messages on her official voicemail. The General Counsel returned none of those phone calls. Finally, Undersigned Counsel was able to speak to the General Counsel when she answered her phone on March 12, 2024.

7. During that teleconference, the General Counsel informed Undersigned Counsel that he was one of numerous defense counsel who had made the same request to be allowed ot inspect the crime scene. She stated that, at that time, no tours of the Capitol building were currently scheduled, but she would inform Undersigned Counsel if and when any such opportunities to inspect the crime scene may be scheduled in the future.

8. Today, Undersigned Counsel learned from AUSA Struebing that the Capitol Police have scheduled tours for April 7th and May 5th (Undersigned Counsel received no notice from the General Counsel).

9. Undersigned Counsel served thirty years in the United States Air Force, retiring

at the rank of colonel. He and his wife will be hosting a large family gathering this weekend, including having six grandchildren in their home. All members of the family will be attending the Beyond the Horizon Air and Space Show at Maxwell Air Force Base on April 6th and 7th. This family event has been planned for months. Further, the first tour opportunity is just five days from today; it is not feasible for Undersigned Counsel to make travel arrangements and travel to Washington, D.C., for that tour.

10. It is vitally important for any criminal defense attorney to avail himself of the opportunity to inspect the crime scene in any criminal prosecution. "One of the first lessons every criminal defense attorney learns is the importance of visiting the crime scene of events that resulted in charges being filed."[1] "In the realm of criminal defense, the importance of visiting the crime scene cannot be overstated."[2]

11. "A critical aspect of visiting the crime scene is analyzing whether it is possible for an eyewitness to accurately observe the crime unfold . . . , meticulously examin[ing] various factors that can affect witness testimony, including eyewitness distance from the crime, lighting conditions, changes depending on the time of day, and potential obstructions. By understanding these elements, the defense team can question the reliability of eyewitness accounts and challenge the prosecution's version of events, providing a more accurate representation of what happened."[3]

---

[1] Paul Myslin, Content attorney at California's Continuing Education of the Bar; August 21, 2021; *Why Should an Attorney Visit the Scene of a Crime?*; found on-line at https://www.linkedin.com/pulse/why-should-attorney-visit-scene-crime-paul-myslin.

[2] Dan Chambers, *Unveiling Hidden Truths—The Vital Role of Visiting the Crime Scene in Criminal Defense Cases,* found on-line at https://www.chamberslawfirmca.com/episode-2-unveiling-hidden-truths-the-vital-role-of-visiting-the-crime-scene-in-criminal-defense-cases/.

[3] *Id.*

11.     Reviewing two-dimensional photographs and video recordings is no substitute for viewing the crime scene in person. "Scene photographs may not show spatial relationships. . . . Distances can be deceiving in two-dimensional photographs. Lighting conditions and time of day may also vary widely."[4]

12.     "Intimate knowledge of the scene adds an intangible sense of authenticity to an advocate's trial narrative. The relative comfort with which that attorney can describe, diagram, and walk through events is readily apparent to jurors. On the other hand, it can be painful to watch an attorney struggle through a presentation without a clear grasp of the scene, making avoidable mistakes and needlessly losing credibility."[5]

13.     Heretofore, Undersigned Counsel has been denied any opportunity to inspect the scene of the crime. The Capitol Police have now made that opportunity available. Mr. Bingham should not be denied the services of a well-informed and well-prepared attorney by being forced to proceed to trial before Undersigned Counsel can inspect the crime scene. Quite simply, Mr. Bingham should not be penalized because the United States government has utterly failed for many, many months to make any accommodation to allow defense attorneys to inspect the crime scene.

14.     Should the Court grant this Motion, Undersigned Counsel informs the Court as follows: he will be in state court in Montgomery County, Alabama, for a jury trial in the case of the State of Alabama v. Jeffery Austin Nobles the week of May 13th; he has sentencing hearings in federal court in the Middle District of Alabama on May 20th in the case of the United States v. Curtis Bagwell, and on May 30th in the case of the United States v. Jamere

---

[4] Myslin.

[5] *Id.*

Dowdy.

**WHEREFORE,** Mr. Bingham moves the Court to continue his trial to on or after June 3, 2024.

Dated this 2nd day of April, 2024.

Respectfully submitted,

**/s/ Donnie W. Bethel**
**DONNIE W. BETHEL**
Bar No.: ASB-7184-F26X

P.O. Box 680431
Prattville, AL 36068
(334-354-6498)
Email:  donbethel@att.net

## CERTIFICATE OF SERVICE

I certify that on April 2, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**/s/ Donnie W. Bethel**
**DONNIE W. BETHEL**
Bar No.: ASB-7184-F26X

P.O. Box 680431
Prattville, AL 36068
(334) 354-6498
Email:  donbethel@att.net