IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-CR-00092-DLF |
| | ) | |
| BRIAN BINGHAM | ) | |

**<u>THIRD TO RECONSIDER THE COURT'S DENIAL OF MR. BINGHAM'S THIRD
MOTION TO CONTINUE TRIAL</u>**

**BRIAN BINGHAM**, through Undersigned Counsel, moves the Court to reconsider it's denial of his Third Motion to Continue Trial (Doc. 81), in which he moved the Court to continue to on or after June 3, 2024, his trial that is now set for April 22, 2024. In support of this motion, Mr. Bingham states as follows.

1.  The Court refers to Mr. Bingham's "apparent belatedness of the defense request to inspect the Capitol." Mr. Bingham's request was not belated. To the contrary, in the Spring of 2023, soon after the Court appointed Mr. Bingham's counsel to represent him, his counsel inquired of the both the United States Attorney and the Federal Defender about inspecting the crime scene. Counsel was informed that such inspections could be made only when scheduled by the Capitol Police, and such inspections were not scheduled for individual counsel, but rather for groups of attorneys. While such inspections had been conducted prior to the Court appointing Undersigned Counsel to represent Mr. Bingham, no such inspections were then scheduled. Mr. Bingham's counsel was assured that he would be informed when the Capitol Police scheduled future inspections.

2.  As of February of 2024, the Capitol Police continued to deny all counsel for

January 6th defendants any opportunity to inspect the crime scene. Mr. Bingham's counsel contacted the Capitol Police to inquire whether any inspections would be scheduled in the near future. He was informed that were still no inspections scheduled at that time, and he was referred to the General Counsel's office. On March 1, 2024, Mr. Bingham's counsel called the GC. The call went to voicemail. Counsel left a message; the GC did not return the phone call. Counsel again called the GC on March 7th. Counsel left a message; again, the GC did not return the phone call. On March 12th, the GC answered her phone when Mr. Bingham's counsel called. She confirmed that no inspections were then scheduled, that she did not know if or when any future opportunities to inspect the crime scene would be scheduled, that numerous defense counsel had made the same inquiries, and that Mr. Bingham's counsel would be notified if inspections were scheduled in the future.

3. As noted in Mr. Bingham's third motion to continue trial, on April 2nd his counsel learned from AUSA Jake Struebing that the Capitol Police had scheduled tours for April 7th and May 5th, both Sundays (Mr. Bingham's Counsel received no notice from the General Counsel). Mr. Bingham filed his motion to continue the same day, so that his counsel could attend the the walk-through of the Capitol on May 5th. On April 3rd, the Court denied that Motion, noting that the defense was simply choosing not to avail itself of the April 7th date.

4. As noted in the previous motion Mr. Bingham and his wife hosted a large family gathering, including out-of-town guests, from April 5th through 7th. This gathering had been planned for many months, and was centered around attending the Beyond the Horizon Air and Space Show at Maxwell Air Force Base. Such events are much-anticipated among military

families. The anticipation surrounding this event was greater than usual, as this was the first air show at Maxwell since 2017, because the event scheduled in the spring of 2020 was canceled due to the Covid-19 pandemic.

5.     Mr. Bingham's counsel is not local to the Washington, D.C., metro area; he lives more than 800 miles away in Alabama. He cannot simply take a couple of hours on a Sunday afternoon and stroll over to the Capitol. He was given just five days notice of the April 7th inspection date. To attend that walk-through of the Capitol, he would've had to make last-minute travel arrangements, including scheduling airline travel to arrive no later than 4 days hence, and hotel accommodations. Further, he would've had to abandon his family during the long-scheduled gathering. In essence, the Court gave Mr. Bingham's counsel a Hobson's choice: drop everything, cancel his family plans, and rush off to Washington, or proceed to trial without the opportunity to inspect the crime scene.

6.     Mr. Bingham is dismayed and confused by the Court's denial of his motion. He knows that the Capitol Police, an arm of the United Sates Government that is prosecuting him, solely control access to the crime scene. He knows that his counsel has heretofore been denied access to the crime scene for more than a year. He knows that the United States has now, finally, made access to the crime scene available for his counsel. Considering that his counsel was subject to the arbitrary and capricious manner in which the United States has for so long denied access to the crime scene, Mr. Bingham does not understand why the Court would now pay such deference to the United States (and so little to him) by denying his request for a six-week continuance so that his counsel can reasonably attend the second-scheduled date, rather than the first.

7.      In denying Mr. Bingham's motion, the Court also notes that the trial has been continued twice previously. Mr. Bingham suggests that this is immaterial. As noted, the dates that the United States has proffered for Mr. Bingham's counsel to inspect the crime scene are entirely of its own choosing. Mr. Bingham and his counsel could do nothing but wait for the United States to deign to schedule the dates. So, whether the trial had previously been continued at all has no bearing on the timing of Mr. Bingham's current motion to continue, because the precipitating even that prompted the motion was, and still remains, entirely within the purview of the United States. Therefore, any deference as to scheduling should inure entirely to Mr. Bingham's benefit, and not to that of the United States.

**WHEREFORE,** for all the foregoing reasons, Mr. Bingham urges the Court to reconsider its denial of his third motion to continue his trial to on or after June 3, 2024.

Dated this 8th day of April, 2024.

Respectfully submitted,

**/s/ Donnie W. Bethel**
**DONNIE W. BETHEL**
Bar No.: ASB-7184-F26X

P.O. Box 680431
Prattville, AL 36068
(334-354-6498)
Email:  donbethel@att.net

## CERTIFICATE OF SERVICE

      I certify that on April 2, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**/s/ Donnie W. Bethel**
**DONNIE W. BETHEL**
Bar No.: ASB-7184-F26X

P.O. Box 680431
Prattville, AL 36068
(334) 354-6498
Email:  donbethel@att.net