UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-CR-92 (DLF) |
| | : | |
| BRIAN BINGHAM | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER THE COURT'S DENIAL OF THIRD MOTION TO CONTINUE TRIAL

The United States of America respectfully opposes Defendant Brian Bingham's motion to reconsider the Court's denial of his third motion to continue trial. *See* ECF No. 83. This case has been pending for nearly three years and now the defense seeks another delay to tour the U.S. Capitol. But the defense has failed to show how inspecting the crime scene more than three years later will lead to relevant and material evidence in his defense. The government has already provided extensive video evidence of the crime scene in this case, which is more than sufficient to evaluate eyewitness accounts from January 6, 2021. The Court should therefore keep the current trial date of April 22, 2024.

### BACKGROUND

For the first time in approximately a year and a half, on April 1, 2024, the U.S. Capitol Police announced tours of the U.S. Capitol on Sunday, April 7 and Sunday, May 5 for both government and defense attorneys in all January 6 cases. That same evening, the government promptly relayed this information to defense counsel. The government understands that the tours will include public areas relevant to this case such as the East Front of the U.S. Capitol. The tours will also include non-public areas relevant to this case, including the area around the Speaker's Lobby and the Upper House Doors, where the defendant's assault took place. On April 2, 2024,

1

the defendant moved to continue trial to June because he had a personal conflict and could not attend the tour on April 7. On April 3, the Court denied the motion, noting the "apparent belatedness of the defense request to inspect the Capitol" and the "defense's choice not to avail itself" of an opportunity to tour the Capitol. On April 8, the defendant moved to reconsider the Court's denial of his motion to continue trial.

## ARGUMENT

The motion to reconsider does not raise any new arguments, stating only that the defendant "is dismayed and confused by the Court's denial of his motion" and that the government has "denied access to the crime scene." ECF No. 83 at 3. But the defendant has not presented any authority supporting a right to inspect the crime scene—especially at a location as sensitive as the U.S. Capitol. *See United States v. Bullcoming*, 22 F.4th 883, 889 (10th Cir. 2022) ("[Defendant] has pointed us to no support for the proposition that a federal court has authority to order access to the property of a third party for purposes of discovery in a criminal case.").[1]

Even if such a right existed, the government already provided hours of CCTV surveillance video, body-worn camera footage, and open-source video depicting the crime scene on January 6, 2021. In his original motion, the defendant merely stated, in a conclusory fashion, that "scene photographs may not show spatial relationships" and "lighting conditions and time of day may also vary widely." ECF No. 81 at 4. But there is no suggestion that "spatial relationships" and "lighting conditions" have any material bearing on the facts of this case. *See* Fed. R. Crim. P. 16(a)(1)(E) (stating that the government must permit the defendant to inspect "buildings or places

---

[1] Several states have recognized a constitutional right to inspect the crime scene, but those decisions are based on state constitutions and discovery rules that provide broader rights than their federal equivalents. *See, e.g.*, *State v. Tetu*, 386 P.3d 844, 852 (Haw. 2016); *Henshaw v. Commonwealth*, 451 S.E.2d 415, 419 (Va. Ct. App. 1994).

. . . within the government's possession, custody, or control" only if the place "is material to preparing the defense"). [2] Indeed, the defendant has presented no evidence that there is something unique about the crime scene that cannot be ascertained from the extensive video evidence in this case. *See United States v. Hawk*, No. 12-cr-50044-JV, 2013 WL 773908, at *3 (D.S.D. Feb. 28, 2013) (denying defendant's motion to view the crime scene "when he already has access to photographs and blueprints of the scene"); *see also United States v. Bryant*, No. 08-CR-377, 2009 WL 3229756, at *1-2 (D. Neb. Oct. 5, 2009) (denying defendant's motion to inspect crime scene). The defendant has failed to show how the inspection of the crime scene more than three years later would uncover evidence that is relevant and material to his defense.

Ultimately, the motion to continue appears to be another dilatory tactic. Since taking this case, defense counsel has had approximately one year to obtain a public tour of the U.S. Capitol, which would include public areas relevant to this case.[3] The only benefit of the upcoming tour would be to view the non-public areas around the Upper House Doors and Speaker's Lobby. But the government has provided ample video evidence of these areas, which the defendant does not claim is insufficient or otherwise creates some compelling need to inspect the crime scene. Although the government acknowledges the short notice, defense counsel could have attended a tour on Sunday, April 7—just over two weeks prior to the commencement of trial. While the timing may have been inconvenient, the U.S. Capitol Police presumably scheduled the tour on a Sunday

---

[2] The U.S. Attorney's Office does not have "possession, custody, or control" of the U.S. Capitol, which is operated and maintained by a co-equal, independent branch of government.

[3] The U.S. Capitol began a phased reopening for public tours on March 28, 2022, after a nearly two-year closure due to the pandemic. *See U.S. Capitol Set to Partially Reopen for Guided Tours March 28*, FOX 5 (Mar. 23, 2022), https://www.fox5dc.com/news/us-capitol-set-to-partially-reopen-for-guided-tours-march-28.

for security reasons and to avoid interfering with congressional business. The timing likely necessitated changes in weekend plans for attorneys, case agents, and investigators alike.

## CONCLUSION

For these reasons, the government respectfully requests that the Court deny the defendant's motion to reconsider. The government is ready to proceed to trial on April 22, 2024, as scheduled under the Court's revised pretrial order. *See* ECF No. 72.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Jake E. Struebing*
JAKE E. STRUEBING
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
D.C. Bar No. 1673297
(202) 252-6931
Jake.Struebing@usdoj.gov

CHRISTOPHER D. AMORE
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Detailee, Capitol Siege Section
601 D Street, N.W.
Washington, DC 20530
N.Y. Bar No. 5032883
(973) 645-2757
Christopher.Amore@usdoj.gov