UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 22-CR-92 (DLF) |
| v. : | |
| : | |
| BRIAN GLENN BINGHAM : | |
| : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO COURT ORDER**

The Government respectfully submits this response to the Court's order regarding Defendant Brian Bingham's amended motion for a psychiatric evaluation. Given the Defendant's request to continue trial for a third time, which the Court denied, and the prior determination by defense counsel (after a psychological evaluation) that the defendant was competent at the time of the alleged offenses (ECF No. 73), the Government is concerned that the Defendant's motion may be another dilatory tactic.

Notwithstanding this concern, and notwithstanding defense counsel's assertion that the Defendant understands his proposed course of action, given defense counsel's representations, the Government's position is that the Court should conduct a hearing or colloquy.[1] This hearing should include a full proffer by defense counsel and a colloquy with the Defendant. The purpose of the hearing or colloquy will be to determine whether "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally

---

[1] The Government believes that this hearing or colloquy is required to the extent that the Defendant's competency is reasonably in question. The Defendant could not otherwise knowingly and voluntarily waive his right to a hearing under 18 U.S.C. § 4241(d) before being committed. *See Pate v. Robinson*, 383 U.S. 375, 384 (1966) ("[I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial.").

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). If the Court makes such a finding, then the Defendant should be committed to the custody of the Attorney General "for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.*

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              UNITED STATES ATTORNEY
                                              DC BAR NO. 481052

By:    */s/ Jake E. Struebing*
          JAKE E. STRUEBING
          Assistant United States Attorney
          U.S. Attorney's Office
          for the District of Columbia
          601 D Street, N.W.
          Washington, DC 20530
          D.C. Bar No. 1673297
          (202) 252-6931
          Jake.Struebing@usdoj.gov

          CHRISTOPHER D. AMORE
          Assistant United States Attorney
          U.S. Attorney's Office
          for the District of Columbia
          Detailee, Capitol Siege Section
          601 D Street, N.W.
          Washington, DC 20530
          N.Y. Bar No. 5032883
          (973) 645-2757
          Christopher.Amore@usdoj.gov