UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 22-CR-92 (DLF) |
| v. : | |
| : | |
| BRIAN GLENN BINGHAM : | |
| : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S RESPONSE TO COURT ORDER

The United States respectfully submits this response to the Court's minute order addressing the probative value of Defendant Brian Bingham's previous psychological examinations and Considering Defendant's most recent filing (ECF No. 95), which states that defense counsel will provide the Court with copies of the two previous psychological evaluations, the second question posed by the Court (*i.e.*, whether the reports constitute attorney work product) appears moot.

### I.   The Prior Psychological Examinations Have Probative Value

The Defendant has been examined twice within the past 14 months. Both of the prior psychological examinations have probative value to the issue before the Court. Specifically, two months ago, on February 12, 2024, a psychologist evaluated the Defendant to determine "his competency at the time he alleged committed the offenses charged in the Indictment." ECF No. 73, ¶ 1. Based upon his consultation with the psychologist, defense counsel asserted that he was "satisfied" that the Defendant was competent at the time of the offenses and that the Defendant would "not raise an insanity defense." ECF No. 73, ¶ 4. Approximately one year earlier, the Federal Public Defender in the Middle District of Alabama also had the Defendant evaluated. *See* ECF No. 67, ¶ 5. "The purpose of that evaluation was to assess Mr. Bingham's mental-health status at the time; it did not address whether Mr. Bingham's mental-health status at the time he is alleged to

have committed the assault." *Id.* Defense counsel raised no issues of competency in connection with the March 2023 psychological report.

The government recognizes that "[a] person's mental competency to stand trial and his mental condition at the time the offenses were committed are two fundamentally different issues." *Wood v. Zahradnick*, 475 F. Supp. 556, 558 (E.D. Va. 1979). However, that does not mean the report concerning the defendant's mental condition at the time of the offense has no probative value. Any report that assesses the defendant's mental condition that was prepared in anticipation of trial in this matter has some probative value. That is because there is "no predetermined formula for making a finding" and a court must evaluate the "unique circumstances" of each case. *United States v. Leggett*, 162 F.3d 237, 242 (3d Cir. 1998).

A defendant is competent to stand trial if (1) the defendant has the "present ability to consult with [defense counsel] with a reasonable degree of rational understanding" and (2) the defendant has a "rational as well as factual understanding of the proceedings." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). In applying this standard, the court "must consider a number of factors" including "evidence of a defendant's irrational behavior, the defendant's demeanor at trial, and any prior medical opinion on competence to stand trial." *Leggett*, 162 F.3d at 242 (cleaned up). To the extent the psychologist made observations about the Defendant's current mental condition or evaluated prior mental examinations, the February 2024 report may assist the Court in its determination under 18 U.S.C. § 4241. The March 2023 report, which evaluated the defendant's "mental-health status at [that] time", may also still have probative value as to the defendant's current capacity to participate in his defense and understand the proceedings. *See United States v. Lindley*, 774 F.2d 993 (1985) (finding two psychiatric reports conducted four months before trial

to be probative of defendant's competency to stand trial). The Defendant "readily concedes" that "both assessments are highly relevant to the Court's consideration of and ruling on the motion." ECF No. 95, ¶ 4.

## II. The Prior Psychological Examinations Are Not Protected Work Product.

Shortly before the filing this response, the Defendant filed his response asserting that the assertion of attorney work product over the reports is now moot. *See* ECF No. 95. The Government agrees, but nonetheless provides the legal basis below that the Court can rely on to conclude that the Defendant's prior psychological reports are not protected work product.

The attorney work product doctrine protects materials "prepared in anticipation of litigation." *McKinley v. Bd. of Governors of Fed. Reserve Sys.*, 647 F.3d 331, 341 (D.C. Cir. 2011). The work product doctrine is applicable in the criminal context. *See United States v. Clemens*, 793 F. Supp. 2d 236, 243-44 (D.D.C. 2011). In the landmark case *Hickman v. Taylor*, 329 U.S. 495 (1947), the Supreme Court recognized that not "all written materials obtained or prepared by an adversary's counsel with any eye toward litigation are necessarily free from discovery in all cases." *Id.* at 511. "Whether or not work product is ultimately discoverable depends upon whether it contains facts or opinions." *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 122, 133 (D.D.C. 2012). To the extent work product contains "relevant and nonprivileged facts," a party may obtain that work product "upon a showing of substantial need for the materials and an undue hardship." *Id.* By contrast, work product containing "an attorney's opinions, mental impressions, or legal theories prepared in anticipation of litigation" is "virtually undiscoverable." *Id.* The party invoking the protection of the work product doctrine has the burden of proving its applicability. *See In re Veiga*, 746 F. Supp. 2d 27, 41 (D.D.C. 2010).

3

Based on its limited research, undersigned counsel is unaware of any case law holding that work product protections do not, categorically, apply to psychological reports. However, the statements and conclusions of the examiners likely constitute "fact" work product and not "opinion" work product. As "fact" work product, the reports are discoverable here because the defendant has waived any work product protections by placing competence at issue. *See Barnett v. Roper*, No. 4:03CV00614 ERW, 2014 WL 12778839, at *1–2 (E.D. Mo. Aug. 18, 2014) (finding that defendant waived work product over psychiatric evaluation addressing competency to stand trial and responsibility at the time of the offenses). Indeed, defense counsel stated that "he would provide the Court with copies of both" thus waiving the protection. ECF No. 95, ¶ 4. The reports may also be discoverable if there is a "substantial need" and the parties cannot "procure equivalent information without undue hardship." *ISS Marine*, 905 F. Supp. 2d at 138 (quoting *United States v. Deloitte LLP*, 610 F.3d 129, 135 (D.C. Cir. 2010)). Given the exigency, and the likely difficulty of securing a psychological evaluation on an expedited basis, there may be a substantial need in this case.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

By:   */s/ Jake E. Struebing*
JAKE E. STRUEBING
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
D.C. Bar No. 1673297

4

(202) 252-6931
Jake.Struebing@usdoj.gov

CHRISTOPHER D. AMORE
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Detailee, Capitol Siege Section
601 D Street, N.W.
Washington, DC 20530
N.Y. Bar No. 5032883
(973) 645-2757
Christopher.Amore@usdoj.gov