```
               IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          CR No. 1:22-cr-00092-DLF-1

v.                                Washington, D.C.
                                  Monday, April 22, 2024
BRIAN BINGHAM,                    9:00 a.m.

                Defendant.
- - - - - - - - - - - - - - - - x
```
_____

                TRANSCRIPT OF MOTION HEARING
        HELD BEFORE THE HONORABLE DABNEY L. FRIEDRICH
                UNITED STATES DISTRICT JUDGE
_____

APPEARANCES:

For the United States:    Jake Struebing, Esq.
                          Christopher Amore, Esq.
                          U.S. ATTORNEY'S OFFICE
                          601 D Street, NW
                          Washington, DC 20530
                          (202) 252-6931


For the Defendant:        Donnie Bethel, Esq.
                          THE BETHEL LAW FIRM
                          P.O. Box 608431
                          Prattville, AL 36068
                          (334) 354-6498


Court Reporter:           Timothy R. Miller, RPR, CRR, NJ-CCR
                          Official Court Reporter
                          U.S. Courthouse, Room 6722
                          333 Constitution Avenue, NW
                          Washington, DC 20001
                          (202) 354-3111


Proceedings recorded by machine shorthand; transcript
produced by computer-aided transcription.

1                    **P R O C E E D I N G S**

2          THE DEPUTY CLERK:  Your Honor, we're in Criminal

3    Action 22-92, the United States of America v. Brian Bingham.

4          If I can have counsel please approach the podium

5    and state your names for the record, starting with the

6    United States.

7          MR. STRUEBING:  Good morning, Your Honor.  Jake

8    Struebing on behalf of the United States, and with me at

9    counsel's table is Chris Amore.

10          THE COURT:  All right.  Good morning to you both.

11          MR. AMORE:  Good morning, Your Honor.

12          MR. BETHEL:  Good morning, Your Honor.  Don Bethel

13    appearing with Brian Bingham this morning.

14          THE COURT:  All right.  Good morning.

15          So I have -- we were scheduled to start trial

16    today.  I have the defendant's motion for competency

17    evaluation before me.  I've also received some reports which

18    I've not had a chance to review in any depth.

19          I would like to proceed by talking first to

20    Mr. Bethel and then to Mr. Bingham.  And I think some

21    portion of this at least, Mr. Bethel, we can do in open

22    court.  Do you agree?

23          MR. BETHEL:  Actually, Your Honor, I was going to

24    request that this whole section concerning the competency

25    evaluation be sealed.

```
 1                    THE COURT:  Okay.  Well, I have some basic
 2      questions that -- for you, if you could come up and --
 3                    MR. BETHEL:  All right.
 4                    THE COURT:  And then when -- certainly, when we
 5      get into description of the basis for your motion --
 6                    MR. BETHEL:  Yes, that's my concern, Your Honor.
 7                    THE COURT:  Okay.  All right.
 8                    MR. BETHEL:  Yes.
 9                    THE COURT:  So Mr. Bethel, remind me.  How long
10      have you been representing Mr. Bingham?
11                    MR. BETHEL:  Since March of last year.
12                    THE COURT:  Okay.  So for over a year?
13                    MR. BETHEL:  Yes, Your Honor.
14                    THE COURT:  And is it fair to say that during that
15      year-plus, you've had a number of conversations with
16      Mr. Bingham?
17                    MR. BETHEL:  Yes, Your Honor.
18                    THE COURT:  And you've talked about your
19      discovery --
20                    MR. BETHEL:  Yes, Your Honor.
21                    THE COURT:  -- and defense strategy and --
22                    MR. BETHEL:  Yes, Your Honor.
23                    THE COURT:  -- motions to be filed?
24                    MR. BETHEL:  Yes, Your Honor.
25                    THE COURT:  And a psychological exam which you had
```

```
 1    conducted?
 2              MR. BETHEL:  Yes, Your Honor.
 3              THE COURT:  All right.  And during any of those
 4    conversations, did you have concerns at the time about his
 5    competency?
 6              MR. BETHEL:  Yes, Your Honor.
 7              THE COURT:  Well, no, that -- Saturday.  But
 8    before Saturday?
 9              MR. BETHEL:  Yes, Your Honor.  In fact, I filed a
10    motion that the Court granted back in January to have
11    another competency evaluation conducted.  The first
12    competency evaluation that was conducted was scheduled
13    before I was appointed, and we -- by the Federal Defender's
14    Office.  We went forward with that.
15              THE COURT:  No, I understand.  You had one filed
16    to assess his competency at the time of the offense.
17              MR. BETHEL:  Yes, Your Honor.
18              THE COURT:  But that, as I understood it, did not
19    relate to conversations you were having with Mr. Bingham in
20    the here and now.
21              MR. BETHEL:  That's correct, Your Honor.
22              THE COURT:  And, in fact, I think you told the
23    Court you had no concerns about his competency at least at
24    that time.
25              MR. BETHEL:  Well, I -- no, I did not believe at
```

1    that time that he was legally incompetent to proceed.

2              THE COURT:  All right.

3              MR. BETHEL:  I --

4              THE COURT:  Right.  You did or -- you --

5              MR. BETHEL:  I did not.

6              THE COURT:  You believed he was competent to

7    proceed.

8              MR. BETHEL:  Yes, Your Honor.

9              THE COURT:  Okay.

10              MR. BETHEL:  I mean, I had some concerns about

11    some serious mental health issues, and I think that will be

12    reflected in the reports that the -- I provided to the

13    Court, but nothing that rose to the level of incompetency.

14              THE COURT:  Nonetheless, you did want to do an

15    exam, and I authorized the exam --

16              MR. BETHEL:  Yes, Your Honor.

17              THE COURT:  -- for an assessment of his competency

18    at the time of the alleged offense.

19              MR. BETHEL:  Yes, Your Honor.

20              THE COURT:  And that came back negative and we

21    proceeded to trial.

22              MR. BETHEL:  Yeah, and it came back, as the Court

23    can see, with some identified issues, but not rising to the

24    level of an insanity defense.

25              THE COURT:  Okay.  And just this past Wednesday,

1    we had a status hearing to -- or a pretrial hearing to,

2    among other things, consider the defense motion to continue

3    the trial so that the defense could view the Capitol;

4    correct?

5                MR. BETHEL:  Yes, Your Honor.

6                THE COURT:  I denied the motion.

7                MR. BETHEL:  Yes, Your Honor.

8                THE COURT:  And Mr. Bingham attended that

9    hearing --

10               MR. BETHEL:  He did.

11               THE COURT:  -- by Zoom.

12               MR. BETHEL:  Yes, Your Honor.

13               THE COURT:  And from what I can recall, for at

14   least part of the time, he was driving while the hearing was

15   going, it appeared to the Court.

16               MR. BETHEL:  I think he was in his car, but just

17   for some privacy.  I don't think he was actually driving

18   during the time of the hearing.

19               THE COURT:  All right.  My recollection, he

20   responded appropriately --

21               MR. BETHEL:  Yes, Your Honor.

22               THE COURT:  -- during that status hearing.

23               MR. BETHEL:  Yes, Your Honor.

24               THE COURT:  He answered my questions.

25               MR. BETHEL:  Yes, Your Honor.

```
 1                    THE COURT:  He said he was going to be here --
 2                    MR. BETHEL:  Yes, Your Honor.
 3                    THE COURT:  -- this week.
 4                    MR. BETHEL:  Yes.
 5                    THE COURT:  And the week before, I think the Court
 6      granted a motion to modify his conditions to allow him to
 7      attend a legal seminar of some sort.  Is that correct?
 8                    MR. BETHEL:  Yes, Your Honor, and he did that.
 9                    THE COURT:  And that was what, this past weekend
10      or --
11                    MR. BETHEL:  Yes, Your Honor.  On Saturday.
12                    THE COURT:  On Saturday, he attended the legal
13      seminar?
14                    MR. BETHEL:  Yes.
15                    THE COURT:  And that was the first time that you
16      had concerns about his competency to go to trial today?
17                    MR. BETHEL:  Saturday evening.  Yes, Your Honor.
18                    THE COURT:  Saturday evening?  All right.
19                    MR. BETHEL:  Late Saturday afternoon.
20                    THE COURT:  What can you tell me about the legal
21      seminar?
22                    MR. BETHEL:  It was -- from 10:00 to 12:00 was
23      what was advertised on the website.  Mr. Bingham related to
24      me that that turned out just to be the intake period.  He
25      was given some forms to fill out, waited in the lobby.  It
```

1   was several hours later in the afternoon sometime around

2   2:00 to 2:30 that he finally had an opportunity to meet with

3   an attorney.  He described that meeting as being incredibly

4   brief.

5            THE COURT:  Okay.  I don't want to get into, you

6   know, attorney-client.  But I guess what I'm curious about

7   was he showed up to attend that seminar in preparation for

8   his defense here.  Is that --

9            MR. BETHEL:  No, no, no, no.

10           THE COURT:  No?

11           MR. BETHEL:  That was related to civil matters --

12           THE COURT:  Okay.

13           MR. BETHEL:  -- that he is trying to pursue

14  against the United States Army.

15           THE COURT:  I understand.  Okay.  But Friday --

16  this past Friday, you represented to the courtroom deputy

17  that the parties had reached an agreement in principle.

18           MR. BETHEL:  Yes, Your Honor.

19           THE COURT:  And presumably before you made that

20  representation, you had had conversations with

21  Mr. Bingham --

22           MR. BETHEL:  Of course, Your Honor.

23           THE COURT:  -- about the charges that he'd be

24  pleading to --

25           MR. BETHEL:  Yes, Your Honor.

```
 1                    THE COURT:  -- and about his potential exposure --
 2                    MR. BETHEL:  Yes, Your Honor.
 3                    THE COURT:  -- under the statutes and the
 4       sentencing guidelines.
 5                    MR. BETHEL:  Yes, Your Honor.
 6                    THE COURT:  And you had no concerns at that time
 7       about his competency to proceed?
 8                    MR. BETHEL:  No, Your Honor.
 9                    THE COURT:  All right.  You agree that the issue
10       the Court has to decide -- and I'm not saying that the Court
11       will make this determination alone -- but you agree that the
12       issue is whether Mr. Bingham has sufficient present ability
13       to consult with you with a reasonable degree of rational
14       understanding and a rational as well as factual
15       understanding of the proceedings against him?
16                    MR. BETHEL:  Yes, Your Honor.
17                    THE COURT:  Is that -- all right.  So what I would
18       like to do -- do you have any objection to me -- before I
19       get into the details of what your concerns are, do you have
20       any objection to me having a colloquy with Mr. Bingham right
21       now in open court?
22                    MR. BETHEL:  I'd -- I would prefer to give the
23       Court the information that I have about what happened that
24       precipitated my filing of the motion.
25                    THE COURT:  Okay.  But I would like to talk to
```

```
 1    him, as well.  Are you objecting to that?
 2              MR. BETHEL:  No.  I would like to do that first.
 3    I -- first, I would like to give the Court a detailed
 4    description of what transpired on Saturday evening so the
 5    Court has that as information before the Court conducts a
 6    colloquy with Mr. Bingham.
 7              THE COURT:  Okay.  All right.
 8              MR. BETHEL:  And --
 9              THE COURT:  So are you asking that this courtroom
10    be sealed now at this time to tell me that information?
11              MR. BETHEL:  Either at a sidebar or to have the
12    courtroom sealed, either way, but that -- I would certainly
13    want that to be done out of the public view.
14              THE COURT:  Do we have the telephonic --
15              THE DEPUTY CLERK:  We do.  The phones are here,
16    Your Honor.
17              THE COURT:  The phones are here?
18              All right.  Well, that might be more efficient to
19    put on the husher and have you speak into the telephone
20    that's at your table.  That's the equivalent of a bench
21    conference and --
22              MR. BETHEL:  I think it's going to require me to
23    actually -- you watch me.  I mean, I'm going to -- there are
24    some --
25              THE COURT:  Okay.  Well, for -- let's start with
```

```
1     you just describing over the phone, and if I want you to

2     demonstrate, then I'll have you do that.

3               MR. BETHEL:  Okay.

4               (Bench conference:)

5               (Following proceedings under seal:)
```





























13        (Following proceedings in open court:)

14        THE COURT:  All right.  We've lost Mr. Hopkins.

15   He said he'll be right back.

16        (Brief pause.)

17        Oh, there he is.

18        THE DEPUTY CLERK:  Sorry, Your Honor.

19        THE COURT:  It's all right.  Mr. Hopkins, maybe,

20   I'll save you the time.  I think we're going to close the

21   courtroom briefly so that I can have a conversation with

22   Mr. Bingham.

23        THE DEPUTY CLERK:  Okay.

24        THE COURT:  So I'll ask everyone to step out,

25   including the Government.

1          (Brief pause.)

2          (Following proceedings under seal:)







28





















































(Following proceedings in open court:)

1          THE COURT:  Okay.  Everybody, thank you for

2     waiting outside.

3          I had a colloquy with Mr. Bingham.  In the Court's

4     view, Mr. Bingham fully understood where he is.  He was able

5     to communicate clearly and was responsive to the Court's

6     questions, and yet the Court is not a professional to make a

7     determination on competency.  What I have proposed to

8     Mr. Bethel -- and he seems receptive to it, and I'd like the

9     Government's reaction to this -- is I don't think that the

10    Court has to commit Mr. Bingham to the custody of the Bureau

11    of Prisons in order to have a psychological assessment done.

12    I spoke early this morning to Dr. Teresa Grant of D.C.

13    Behavioral Health, and she indicated -- I asked how quickly

14    could she or one of her colleagues do a preliminary

15    assessment of competency.  She said that she could do one

16    this Wednesday afternoon by Zoom here so long as Mr. Bingham

17    is in the District of Columbia, and Mr. Bethel may be

18    present for that examination if Mr. Bingham likes.

19         So my -- the Court's proposal would be that we

20    have Dr. Grant do a preliminary assessment and that if she

21    has concerns about his competency to stand trial, we then

22    consider whether we can, on an expeditious basis, have a

23    private examination of Mr. Bingham, and to the extent

24    there's disagreement with -- by the Government, the

25    Government, of course, could retain its own expert to

1    examine him, as well.

2            It's quite possible that Dr. Grant's

3    determination's consistent with what the Court believes and

4    everybody may well be in agreement that we don't have a

5    competency issue; that Mr. Bingham had more of a panic

6    attack, in which case, we can proceed with trial.  Given the

7    conversations we've had today, though, about the review of

8    the video and other evidence, the Court would encourage --

9    I'm not trying to discourage a trial.  Both sides have a

10   right to a jury trial if both sides -- either side wants,

11   but if there's a way to resolve this if Mr. Bingham is, in

12   fact, competent to plead to the indictment or to some offer

13   that the Government makes, I would be available this week to

14   do that.  If not, I'm going to set this for trial, assuming

15   he's competent -- I'm going to set this for trial on May 6th

16   if he's competent and we're in agreement that he's

17   competent.  So I can't do it next week.  I would do it if I

18   could, but I have another trial beginning on Monday

19   afternoon on April 29th, but I could start on May 6th.  But,

20   again, if both parties think that they can work this out,

21   then let's set this for a plea hearing on Thursday or

22   Friday.  It seems to the Court, having watched the video,

23   that the issues may be more -- they'd be more litigated at

24   sentencing as opposed to trial, but that's an issue you all

25   have to decide.  All right?

1          But I am -- as you can tell -- anxious to resolve

2     this case.  It's been pending a long time.  I think it's in

3     the interests of justice to resolve the case as quickly as

4     possible.  So either -- we're, on an expeditious basis,

5     trying to get Mr. Bingham assessed, and if there's a problem

6     with the determination Dr. Grant makes and there's not

7     agreement by both sides that he's competent based on that

8     report to proceed, then we'll have to bump the trial out --

9     off a little bit farther, but not much because I really

10    think both sides can get these examinations done quite

11    promptly and we can complete this trial in the next month,

12    and that's my goal.  All right?  So regardless of where we

13    are, we're either going to have a trial -- a competency

14    hearing within the next month or we're proceeding with a

15    trial in two weeks or a plea this -- later this week.

16              Anybody have any questions?

17              MR. BETHEL:  No, Your Honor.

18              THE COURT:  Okay.  Any questions/concerns by the

19    Government?  Does the Government agree with me that he does

20    not have to be committed to the Bureau of Prisons?

21              MR. STRUEBING:  Yes, Your Honor.

22              THE COURT:  He's out of custody.

23              MR. STRUEBING:  Yes, Your Honor.  The Government

24    has no objection to a preliminary evaluation done by

25    Dr. Grant this Wednesday.

```
 1                    THE COURT:  Okay.
 2                    MR. STRUEBING:  I think, from the Government's
 3     perspective, let's get that report and make a determination
 4     as to how to proceed.
 5                    THE COURT:  Okay.
 6                    MR. STRUEBING:  We're okay with the May 6th trial
 7     date at the moment.
 8                    Just two clarifications for the record.  I would
 9     move to seal the portion of the transcript that was
10     conducted on the husher, if it's not sealed already; and
11     then --
12                    THE COURT:  Yes.
13                    MR. STRUEBING:  -- if it was sealed, I would move
14     to unseal it just for the purposes of a transcript for the
15     parties.
16                    THE COURT:  Okay.  Very well.
17                    And let me ask Mr. Bethel.  Obviously, the portion
18     of my colloquy with Mr. Bingham was sealed, but I'm
19     wondering whether you would be willing -- would have any
20     objection to the Court unsealing that portion of the
21     transcripts for the limited purpose, one, to provide to the
22     Government; and, two, to provide to Dr. Grant for purposes
23     of her examination on Wednesday.
24                    MR. BETHEL:  I have no objection to unsealing it
25     for the purposes of providing it to Dr. Grant for her
```

1      examination.  I would defer my position on whether it should

2      be released to the Government until after I see what

3      Dr. Grant's position --

4                  THE COURT:  Okay.  All right.  Fair enough.  So

5      the Government is going to request the transcript minus the

6      colloquy with the defendant on an expedited basis.  Is

7      that --

8                  MR. STRUEBING:  That's correct, Your Honor.

9                  THE COURT:  Okay.  All right.  And the Court --

10     would you -- are you going to want a copy?  Do you want a

11     copy of the colloquy with Mr. Bingham on an expedited basis,

12     as well?

13                 MR. BETHEL:  Yes, Your Honor.

14                 THE COURT:  Okay.  So is -- how quickly can the

15     court reporter prepare these?  By Wednesday?

16                 THE COURT REPORTER:  (Indicates affirmatively.)

17                 THE COURT:  Okay.  So I don't see -- and what's

18     the parties' view on whether I should provide the entire

19     transcript to Dr. Grant versus the defendant's -- I mean,

20     what's helpful is -- the part of the sealed proceeding in

21     which you, Mr. Bethel, describe what happened on Saturday

22     might be useful to her.  Is there any objection to just --

23                 MR. BETHEL:  No.

24                 THE COURT:  -- giving her the entire transcript?

25                 MR. BETHEL:  No, Your Honor.

1          THE COURT:  All right.  So the transcript will be

2     available Wednesday morning, please.  Is that possible?  Can

3     you do it?

4          THE COURT REPORTER:  We'll see.

5          THE COURT:  Please.  All right.  Okay.

6          All right.  So you all will make arrangements with

7     the court reporter to pay him for that.

8          Is there anything else we need to address at this

9     point?

10          MR. STRUEBING:  Your Honor, just one quick

11     clarification.  I believe there is a -- the motion would

12     still be pending.  So speedy trial is tolled through that

13     time.

14          THE COURT:  I don't want to figure that out.  You

15     move to exclude time until --

16          MR. STRUEBING:  I would move to exclude time

17     through Wednesday, yes.

18          THE COURT:  All right.  Well, we need it more than

19     through Wednesday because --

20          MR. STRUEBING:  Until May 6th, then.

21          THE COURT:  I'll -- yeah, until May 6th.

22          Any objection until May 6th?

23          MR. BETHEL:  No, Your Honor.

24          THE COURT:  All right.  I do find it's in the

25     interests of justice to exclude time from today until May

1    6th of 2024 in calculating the date for speedy trial in

2    order to have Mr. Bingham assessed and in order to have the

3    transcripts prepared and for the parties -- particularly the

4    defense -- to make decisions on how best to defend this

5    case.

6            All right.  So I'm excusing the jury, but we'll

7    order one up for May 6th.  And I will be interested in

8    hearing from you all as soon as possible.  I don't know how

9    quickly Dr. Grant will be able to prepare her report.  I

10   will explain to her the situation and perhaps she'd be

11   willing to share with you all the conclusions of her

12   examination before she writes it up, you know, such that you

13   can make decisions on whether there's a pretrial resolution

14   or whether you're going to trial, but please know I'm here,

15   and even next week during the trial I'd be willing to take a

16   plea.  I know parties are in town.  And to the extent you

17   don't want to go back, Mr. Bethel, to Alabama, like, I'm

18   willing to fit this in wherever I can.

19           MR. BETHEL:  No.  Oh, no, I very much want to go

20   back to Alabama, but I want to stay there when I get there.

21   I don't want to have to come back here.  So --

22           THE COURT:  I understand.  So if we -- what I'm

23   saying is if we can resolve this case and everyone's

24   comfortable with it, I'm here and at the parties' disposal

25   for the most part this week.  I have some other matters, but

1    I had cleared the week for this trial.

2              MR. STRUEBING:  Understood, Your Honor.  Thank

3    you.

4              THE COURT:  All right.  Thank you, all.

5              (Proceedings concluded at 10:25 a.m.)

6                    * * * * * * * * * * * *

7              CERTIFICATE OF OFFICIAL COURT REPORTER

8    I, TIMOTHY R. MILLER, RPR, CRR, NJ-CCR, do hereby certify

9    that the above and foregoing constitutes a true and accurate

10   transcript of my stenographic notes and is a full, true and

11   complete transcript of the proceedings to the best of my

12   ability, dated this 23rd day of April 2024.

13                        /s/Timothy R. Miller, RPR, CRR, NJ-CCR
                          Official Court Reporter
14                        United States Courthouse
                          Room 6722
15                        333 Constitution Avenue, NW
                          Washington, DC 20001

16

17

18

19

20

21

22

23

24

25