**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 22-CR-92 (DLF)** |
| v. | : | |
| | : | |
| **BRIAN GLENN BINGHAM** | : | |
| | : | |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT**

The parties in the above-captioned action respectfully submit this joint status report regarding Defendant Brian Bingham's psychological evaluation conducted on April 24, 2024 by Dr. Teresa Grant of the D.C. Department of Behavioral Health. The respective positions of the parties are outlined below.

**The Government's Position**

In light of Dr. Grant's report, the government believes that the Court should exercise one of three options. The government has no objection to the Court exercising any of the options discussed below.

*First*, notwithstanding Dr. Grant's report, the Court could conclude that the defendant is competent based on (i) the Court's colloquy with the defendant where he testified to understanding the nature of the proceedings against him; (ii) defense counsel's representation that the defendant could assist him at trial; and (iii) the February 2024 and March 2023 psychological reports. "[T]he competency insisted on by the courts is a functional concept focusing on the defendant's part in the trial." *Gorbey v. United States*, 54 A.3d 668, 680 (D.C. 2012) (*citing Robidoux v. O'Brien*, 643 F.3d 334, 339 (1st Cir. 2011)). And the defendant's competency "is a legal question that is properly reserved for the courts." *United States v. Brennan*, 928 F.3d 210, 215 (2d Cir.

2019). "Although the facts in each case vary, the circuits addressing competency after *Dusky* . . . have used a sufficient contact with reality as the touchstone for ascertaining the existence of a rational understanding." *Lafferty v. Cook*, 949 F.2d 1546, 1551 (10th Cir. 1991). The Court may conclude, notwithstanding Dr. Grant's findings, the defendant has sufficient present ability to consult with his lawyer and a rational understanding of the proceedings against him.

*Second*, the Court could proceed under 18 U.S.C. §§ 4247(b) and (c) and order a comprehensive psychiatric or psychological examination of the defendant. Under Sections 4247(b) and (c), the defendant would be committed to the custody of the Attorney General for a period not to exceed 30 days at a suitable facility nearby.[1] After the conclusion of the 30-day period, the Court could hold another competency hearing. If the defendant needs additional time to titrate medication to restore competency, then the Court could order the release of the defendant with strict conditions. Those conditions should mandate that the defendant continue mental health treatment, including regularly taking psychotropic medication as prescribed. The defendant's medical provider should submit reports every 30 days to demonstrate the defendant's treatment, compliance, and progress. The Court's order should prohibit the defendant from using any narcotics or illegal drugs, including medical marijuana.[2] After a reasonable period of time, the Court should schedule another competency hearing. However, if the defendant fails to abide by these conditions, then he should be remanded into custody for treatment and hospitalization under 18 U.S.C. § 4241(d), as explained below.

---

1 The director of the facility may apply for a reasonable extension, but not to exceed fifteen days, upon a showing of good cause. 18 U.S.C. § 4247(b).

2 If the defendant continues to use medical marijuana, then he should provide proof of a valid prescription signed by a licensed medical provider to pretrial services or the Court.

2

*Third*, were the Court to adopt the findings of Dr. Grant's report based on Dr. Grant's preliminary assessment, the Court could find "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent." 18 U.S.C. § 4241(d). After making that finding, the Court has no discretion; it must commit the defendant to the custody of the Attorney General for "a reasonable period of time, not to exceed four months," to ensure treatment and compliance with a proper psychotropic medication regimen. *Id.*; *see Brennan*, 928 F.3d at 216–17 (explaining that the custodial hospitalization of the defendant is mandatory after a preliminary finding of incompetence); *United States v. Magassouba*, 544 F.3d 387, 393 (2d Cir. 2008) (citing cases). Here, the defendant should be hospitalized for treatment in a suitable facility for a period not to exceed 90 days.[3] 18 U.S.C. § 4241(d). This hospitalization will allow for the defendant to resume a psychotropic medication regimen under close supervision to ensure compliance. It will also allow for a more thorough competency assessment via sustained evaluation by staff members. This will provide the Court "with a more complete picture of the defendant's mental competency." *United States v. Weston*, 36 F. Supp. 2d 7, 13–14 & n.11 (D.D.C. 1999). After the conclusion of 90 days, the Court must hold another competency hearing. 18 U.S.C. § 4241(e). "If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings." *Id.*

---

3 Dr. Grant represented to the parties that, once the defendant resumes a psychotropic medication regimen, the period of titration would be approximately 90 days.

Regardless of the Court's decision, the Court should toll time under the Speedy Trial Act beginning from May 6, 2024 and continuing throughout the duration of the period in which the defendant's competency is being evaluated, as set forth in 18 U.S.C. § 3161(h)(1)(A) (excluding time for "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant"). *See United States v. Romero*, 833 F.3d 1151, 1155 (9th Cir. 2016) ("In short, we conclude that the Speedy Trial Act unambiguously requires the exclusion of all time during which a defendant is incompetent to stand trial"); *United States v. Stephens*, 489 F.3d 647, 653 (5th Cir. 2007) ("[T]he district court correctly concluded that [the defendant's] motion for a competency evaluation stopped the clock from the date it was filed . . . through the date the court ruled that [the defendant] was competent to stand trial").

## The Defendant's Position

During her examination of Mr. Bingham, Dr. Grant explained that she has many years of experience as a psychologist. She stated that she has conducted forensic evaluations for at least the last ten years. Based on her training and experience, Undersigned Counsel accepts Dr. Grant's findings and her conclusion that Mr. Bingham is not competent to proceed to trial at this time.

Dr. Grant also discussed with Mr. Bingham the treatment that he has received through the Veterans Administration, including mental health medications that he has been prescribed. Mr. Bingham explained that he has had considerable difficulty with the VA in New Jersey concerning those medications and receiving proper mental health treatment, which is the primary reason that he has not taken those medications for quite some time. He further explained that he received much better care through the VA facility in St. Petersburg, Florida, where he lived for a period of time while awaiting trial. Dr. Grant emphasized to Mr. Bingham that it is important for him to take his

4

medications as prescribed and to receive appropriate mental health counseling. To comply with Dr. Grant's instructions as expeditiously as possible, Mr. Bingham has returned to Florida for further mental health treatment at the VA facility there.

During the evaluation, Dr. Grant opined that Mr. Bingham's competency should be assessed again after a treatment period of three to six months. Undersigned Counsel recommends that the Court allow Mr. Bingham to continue his mental health treatment in Florida at a facility that is familiar to him, and to schedule another assessment in three months.

Respectfully submitted,

*/s/ Jake E. Struebing*
JAKE E. STRUEBING
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
D.C. Bar No. 1673297
(202) 252-6931
Jake.Struebing@usdoj.gov

CHRISTOPHER D. AMORE
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Detailee, Capitol Siege Section
601 D Street, N.W.
Washington, DC 20530
N.Y. Bar No. 5032883
(973) 645-2757
Christopher.Amore@usdoj.gov

*/s/ Don Bethel*
Don Bethel
The Bethel Law Firm
P.O. Box 680431
Prattville, AL 36068
(334) 354-6498