UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 22-CR-92 (DLF) |
| v. : | |
| : | |
| BRIAN GLENN BINGHAM : | |
| : | |
| : | |
| Defendant. : | |

## JOINT RESPONSE TO COURT ORDER

The parties in the above-captioned action respectfully submit this joint response to the Court's minute order dated May 6, 2024, ordering a competency evaluation under 18 U.S.C. § 4241(a) because "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

Because the defendant is on pretrial release, the parties propose that the defendant self-report to a suitable facility within the Bureau of Prisons ("BOP") for a competency evaluation under 18 U.S.C. § 4241(b). Under section 4241(b), the competency evaluation must be conducted pursuant to sections 4247(b) and (c), which authorize the Court to "commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility."[1] The government conferred with Dr. Dia Boutwell, Chief of the Psychological Evaluations Section in the BOP, who confirmed that there is no wait

---

[1] The director of the facility may apply for a reasonable extension, but not to exceed fifteen days, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant. 18 U.S.C. § 4247(b).

time and adequate bed space for a section 4241(b) evaluation at any of the eleven detention centers with forensic psychologists who conduct the section 4241(b) evaluations. Dr. Boutwell recommends the Federal Detention Center, Miami (FDC Miami) and the self-reporting date should be in mid-June to allow sufficient time to complete the evaluation by July 31, 2024.[2] As part of the section 4241(b) evaluation, the BOP will prescribe medication as appropriate and monitor the defendant's compliance.[3]

On or around July 31, 2024, the Court should hold a status conference and order the release of the defendant with strict conditions. Those conditions should mandate that the defendant continue mental health treatment, including regularly taking psychotropic medication as prescribed. The defendant's medical provider should submit a report to the Court by August 19, 2024 to further demonstrate the defendant's treatment, compliance, and progress. The Court's order should prohibit the defendant from using any narcotics or illegal drugs, including medical marijuana. These conditions are necessary to ensure proper psychiatric treatment and adherence with all pharmacological interventions. *See* Grant Report at 3. Otherwise, the process lacks enforceability and any failure by the defendant to continue treatment and medication will further

---

[2] The government will coordinate with BOP's Office of Medical Designations ("OMDT") to pick a voluntary surrender date and to ensure the defendant is designated to FDC Miami or another suitable facility. But BOP cannot designate the defendant to a facility without a court order, and cannot set a self-reporting date until he is designated.

[3] The BOP will also determine if the defendant meets the criteria for emergency psychiatric medication. The BOP cannot, however, involuntarily medicate the defendant on a non-emergency basis unless he is committed for restoration and found to meet the criteria in *Washington v. Harper*, 494 U.S. 210 (1990), or the Court conducts a hearing pursuant to *Sell v. United States*, 539 U.S. 166 (2003) and finds that involuntary medication "is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests." *Id.* at 179.

delay trial by weeks, if not months.

Accordingly, the parties respectfully request a formal, written order by the Court requesting the section 4241(b) evaluation which will facilitate coordination between BOP, OMDT, and the U.S. Marshal's Service. A proposed order is attached to this filing for the Court's consideration. The parties are available anytime from August 20 through August 23 for a competency hearing.

| FOR THE DEFENDANT | FOR THE UNITED STATES |
|---|---|
| BRIAN BINGHAM<br>Defendant | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
| *s/ Don Bethel*<br>Don Bethel<br>The Bethel Law Firm<br>P.O. Box 680431<br>Prattville, AL 36068<br>(334) 354-6498 | *s/ Christopher D. Amore*<br>Christopher D. Amore<br>Assistant U.S. Attorney<br>N.Y. Bar No. 5032883<br>U.S. Attorney's Office for the<br>District of Columbia<br>Detailee, Capitol Siege Section<br>601 D Street, N.W.<br>Washington, DC 20530<br>Phone: (973) 645-2757<br>Email: Christopher.Amore@usdoj.gov<br><br>Jake E. Struebing<br>Assistant U.S. Attorney<br>D.C. Bar No. 1673292<br>U.S. Attorney's Office for the<br>District of Columbia<br>601 D Street, N.W.<br>Washington, DC 20530<br>Phone: (202) 252-6931<br>Email: Jake.Struebing@usdoj.gov |