UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 22-cr-92 (DLF)** |
| v. | : | |
| | : | |
| **BRIAN GLENN BINGHAM,** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO THE COURT'S PROPOSED VOIR DIRE

The United States respectfully submits this response to Defendant Brian Bingham's objection to the Court's proposed voir dire. *See* ECF No. 116. Question Five of the Court's proposed voir dire reads, "Does anyone have such strong feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021, that it would make it difficult for you to serve as a fair and impartial juror in this case?" ECF No. 113 at 5. The defendant proposes that the Court break that question into two questions:

5. "Does anyone have such strong feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021?"

6. "If you answered yes to question number five, do those strong feelings make it difficult for you to serve as a fair and impartial juror in this case?"

For starters, the defendant's proposal is redundant and unnecessary. Question Five is designed to screen for potential biases surrounding the events of January 6, 2021, and prompt follow-up questions during individual voir dire. Any potential biases identified by responses to Question Five will be fully explored during individual voir dire by the Court and the parties. And it is far better for the Court and the parties to discern any potential bias during individual voir dire where answers will be more nuanced and instructive than a written question designed to elicit a simple yes-or-no response.

1

The defendant nonetheless suggests that the parties "ought to know which jurors have strong emotions about January 6" generally and regardless of whether they can be fair and impartial. ECF No. 116 at 2. But having strong feelings about January 6 does not automatically render a potential juror "blind to their own insurmountable bias," as the defendant suggests. *Id.*; *see Skilling v. United States*, 561 U.S. 358, 392, 398 (2010) (explaining that jurors "need not enter the box with empty heads in order to determine the facts impartially" and rejecting argument that court should not have "accepted at face value jurors' promises of fairness"). Jurors are often able to set aside their strong feelings about a high-profile crime in their community and adjudge the defendant's guilt or innocence objectively. This Court should not presume that every potential juror who harbors feelings about January 6 is biased. *See United States v. Webster*, 102 F.4th 471, 483 (D.C. Cir. 2024) (rejecting defendant's challenge to jury selection in a January 6 case on the basis that several jurors "had strong feelings about the events and/or President Trump").

Accordingly, the proposed revision by the defendant is unnecessary, and this Court need only follow up with potential jurors whose feelings make it difficult for them to be fair and impartial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC Bar No. 481052

By:     /s/ Jake E. Struebing
JAKE E. STRUEBING
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
D.C. Bar No. 1673297
(202) 252-6931
Jake.Struebing@usdoj.gov

CHRISTOPHER D. AMORE
Assistant United States Attorney

                U.S. Attorney's Office for the District of Columbia
                Detailee, Capitol Siege Section
                601 D Street, N.W.
                Washington, DC 20530
                N.Y. Bar No. 5032883
                (973) 645-2757
                Christoper.Amore@usdoj.gov